## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT E. LUNDERVILLE** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| **vs.** ) | |
| ) | **COMPLAINT** |
| **TRANS UNION, LLC** ) | |
| **and** ) | **JURY TRIAL DEMANDED** |
| **EQUIFAX INFORMATION** ) | **NON-ARBITRATION** |
| **SERVICES, LLC** ) | |
| **and** ) | |
| **CSC CREDIT SERVICES, INC.** ) | |
| **and** ) | |
| **GREEN TREE SERVICING, LLC** ) | |
| **and** ) | |
| **REGIONAL MANAGEMENT CORP.** ) | |
| **and** ) | |
| **SECURITY FINANCE CORP.** ) | |
| **and** ) | |
| **SUN LOAN COMPANY** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### Preliminary Statement

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*.

### Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3.     Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4.     Plaintiff Robert E. Linderville is an adult individual and citizen of the State of Texas who resides at 621 West 13th Street, Del Rio, Texas 78840.

5.      Defendant Trans Union, LLC ("Trans Union") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7.      Defendant CSC Credit Services, Inc. ("CSC") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 62 N. Sam Houston Parkway East, Houston, TX 77060.

8.      Defendant, Green Tree Servicing, LLC (hereafter "Green Tree") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 345 St. Peter Street, St. Paul, MN 551025.

9.      Defendant, Regional Management Corp. (hereafter "Regional Management") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 2400 Veterans Blvd, Suite 10, Del Rio, TX 78840.

10.     Defendant, Security Finance Corp. (hereafter "Security Finance") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 210 E Main Street, Spartanburg, SC 29306.

11.     Defendant, Sun Loan Company. (hereafter "Sun Loan") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 465 S. Main Street, Del Rio, TX 78840.

**Factual Allegations**

12.    Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

13.    The inaccurate information includes, but is not limited to a bankruptcy, Green Tree Servicing, LLC, Regional Management Corp., Security Finance Corp., Sun Loan Company, AAA Loans, American General Finance, American Honda Finance, Bank of America, Beneficial/HFC, Capital One Bank USA, Chase Bank NA, Chrysler Financial, CitiFinancial, Compass Bank/Plano, GMAC, HomEq Servicing,  Household Finance Co., HSBC Auto Finance, HSBC Nautilus, HSBC Bank, HSBC/SCUSA, Laredo National Bank, Military Star, New Century Mortgage, Pinnacle Financial Group, Bedell Emergency Physicians, Collection, Toyota Motor Credit, Webbank/DFS, World Acceptance Corp., and personal identifying information.

14.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

15.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

16.    Plaintiff has disputed the inaccurate information with Trans Union, Equifax and CSC by both oral and written communications to their representatives and by following Trans Union's, Equifax's and CSC's established procedure for disputing consumer credit information.

17.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax and CSC including but not limited to, from August 2010 through the present.

18.     Notwithstanding Plaintiff's efforts, Trans Union, Equifax and CSC have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Equifax and CSC continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Trans Union, Equifax and CSC have repeatedly published and disseminated consumer reports to such third parties from at least August 2010 through the present.

19.     Despite Plaintiff's efforts, Trans Union, Equifax and CSC have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

20.     Notwithstanding Plaintiff's disputes, Green Tree, Regional Management, Security Finance, and Sun Loan have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

21.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to

remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

23.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## Claims

## COUNT ONE - FCRA
### (Plaintiff v. Trans Union, Equifax and CSC)

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union, Equifax and CSC are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

30.     The conduct of Trans Union, Equifax and CSC was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union, Equifax and CSC are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - FCRA
### (Plaintiff v. Green Tree, Regional Management, Security Finance, and Sun Loan)

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times pertinent hereto Green Tree, Regional Management, Security Finance, and Sun Loan were each a "person" as that term defined by 15 U.S.C. § 1681a(b).

33.     Green Tree, Regional Management, Security Finance, and Sun Loan violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

34.     Green Tree, Regional Management, Security Finance, and Sun Loan's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Green Tree, Regional Management, Security Finance, and Sun Loan are liable to compensate Plaintiff for the

full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## Jury Trial Demanded

35.     Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark D. Mailman_____
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: August 11, 2011